**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HASAN MURAD OSIRES AH BEYAH, | Civil Action No. 15-6962 (CCC) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| STATE OF NEW JERSEY, | |
| Respondent. | |

*Pro se* Petitioner Hasan Murad Osires Ah Beyah, a prisoner confined at the Northern State Prison in Newark, New Jersey, seeks to bring a habeas petition pursuant to 28 U.S.C. § 2254. It appearing:

1. On September 23, 2015, the Court administratively terminated the case for Petitioner's failure to use the proper form to file a § 2254 petition, as required by Local Civil Rule 81.2, as well as failure to submit the proper filing fee. *See* Order, Sept. 23, 2015, ECF No. 2. The Court granted Petitioner 30 days to cure the deficiencies and move to reopen the case. *Id.* at 2.

2. On October 9, 2015, the Court received an updated petition, as well as the proper filing fee. *See* Pet., ECF No. 3. The new petition appears to be on the correct form, except for reasons unexplained, Petitioner omitted the last two pages of the form, which contain (1) the signature page, and (2) a declaration to be signed by Petitioner that his § 2254 petition contains all grounds for relief he wishes to assert in this Court. Indeed, Petitioner created his own signature block in lieu of submitting the signature page. *See id.* at 15.

3. In failing to include the signed declaration, the Petition is not complete as required by Local Civil Rule 81.2(a).

1

**IT IS** therefore on this ___22___ day of ___January___, 2016,

**ORDERED** that the Clerk of the Court shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 Fed. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs . . . ."); it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank habeas petition form—AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014); it is further

**ORDERED** that the Clerk's service of the blank habeas form shall not be construed as this Court's finding that the motion is or is not timely, or that Petitioner's claims are or are not procedurally defaulted; it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form, including all pages as required by such form; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

                                                                                                          _____

                                                                                                          **Claire C. Cecchi**
                                                                                                          United States District Judge