**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| HASAN MURAD OSIRES AH BEYAH, | : | |
| | : | Civil Action No. 15-6962 (CCC) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Respondents. | : | |

*Pro se* Petitioner Hasan Murad Osires Ah Beyah, a prisoner confined at the Northern State Prison in Newark, New Jersey, seeks to bring a habeas petition pursuant to 28 U.S.C. § 2254. The Court ordered Respondents to file an answer, (ECF No. 8), and Respondents complied, (see ECF Nos. 15 & 16). Petitioner did not file a formal reply, but has filed three letters with the Court, which the Court considers in its adjudication of the Petition. (*See* ECF Nos. 17, 18 & 19.) The Court has reviewed the parties' filings and the record of the state court proceedings, and it appearing:

1. Respondents argue, among other things, that the Petition should be denied for Petitioner's failure to exhaust. To support their argument, Respondents point out that Petitioner's state criminal matter is still on direct appeal. (*See* ECF No. 15 at 25 ("The Petitioner filed a direct appeal from his judgment of conviction in the state court. That appeal is presently pending before the Appellate Division of the New Jersey Superior Court under *State v. Beyah*, App. Div. Docket No. A-1037-14T4.").) Petitioner does not dispute this fact in any of his letters.

2. Federal statute requires a petitioner to exhaust state court remedies before he can raise a claim on federal habeas, and the Court cannot grant habeas relief if a claim has not been exhausted

in state court. 28 U.S.C. § 2254(b) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State.") The exhaustion requirement gives the state courts "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Collins v. Sec'y of Pa. Dep't. of Corr.*, 742 F.3d 528, 542 (3d Cir. 2014) (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). A state prisoner must exhaust the remedies available in state courts before bringing his federal habeas petition, unless "there is an absence of available state corrective process[] or . . . circumstances exist that render such process ineffective." 28 U.S.C. § 2254(b)(1)(B). A claim is exhausted in state court only when the petitioner has presented the claim at each level of state court empowered to hear such claim, either on direct appeal or in post-conviction proceedings. *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)). When a claim has not been exhausted, under normal circumstances, the Court is duty-bound to return the petitioner back to state court to present his unexhausted claims. *Rhines v. Webber* 544 U.S. 269, 274 (2005).

3.  Here, Petitioner does not dispute that his criminal matter is still ongoing—specifically, that it is still on direct appeal. As such, it is plainly obvious that Petitioner has not exhausted state court remedies regarding his habeas claims. Ordinarily, the Court is duty-bound to return Petitioner back to state court to present his claims, but in this particular case, that is not necessary since Petitioner is already in the process of seeking state court remedies. Accordingly, the Court denies the Petition as premature and without prejudice; Petitioner may file a new petition once he has exhausted his state court remedies.

IT IS on therefore this _22_ day of _____December_____, 2016,

ORDERED that the Petition is hereby **DENIED WITHOUT PREJUDICE**; and it is further

ORDERED that the Clerk shall serve a copy of this Order upon the parties, and shall **CLOSE** the file.

**Claire C. Cecchi**
United States District Judge

3